OPINION
{¶ 1} Relator, Torrance C. Pilgrim, has filed an original action requesting that this court issue a writ of mandamus ordering respondents, State of Ohio and Sheriff Jim Karnes, to hold an immediate hearing on relator's petition for writ of habeas corpus filed in the Franklin County Court of Common Pleas.
 {¶ 2} Respondents filed a motion for summary judgment. Attached to the motion are copies of: (1) a verdict form in relator's underlying criminal case (Franklin County Common Pleas Case No. 08CR-04-2691) indicating that a jury found him guilty of *Page 2 
possession of cocaine; (2) a criminal disposition sheet reflecting that a prison sentence was imposed in relator's case; and (3) a warrant to convey relator to the custody of the Ohio Department of Rehabilitation and Correction. Relator did not file a response to respondents' motion for summary judgment.
 {¶ 3} This matter was referred to a magistrate of this court, pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate has rendered a decision, including findings of facts and conclusions of law, which is appended to this opinion, recommending that this court grant respondents' motion for summary judgment on the basis that respondents were improper parties inasmuch as relator was seeking a writ of mandamus to compel the trial judge to rule on his petition for habeas corpus filed in the common pleas court. The magistrate further concluded that relator had an adequate remedy by way of an appeal to raise claims such as violation of speedy-trial rights, or that his verdict was based upon insufficient evidence or against the manifest weight of the evidence. No objections have been filed to that decision.
 {¶ 4} Based upon an examination of the magistrate's decision and an independent review of the file, and finding no error or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondents' motion for summary judgment is granted, and relator's request for a writ of mandamus is denied.
Motion for summary judgment granted; writ of mandamus denied.
BRYANT and SADLER, JJ., concur. *Page 3 
 APPENDIX MAGISTRATE'S DECISION Rendered on December 12, 2008 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 5} Relator, Torrance C. Pilgrim, has filed this original action requesting that this court issue a writ of mandamus ordering respondents State of Ohio and Sheriff Jim Karnes to hold an immediate hearing on relator's petition for writ of habeas corpus filed in the Franklin County Court of Common Pleas. Respondents have filed a motion for summary judgment. *Page 4 
Findings of Fact: {¶ 6} 1. According to his complaint, relator filed a petition for a writ of habeas corpus in the Franklin County Court of Common Pleas on September 17, 2008. Relator asserts that he has been unlawfully imprisoned since August 10, 2008.
 {¶ 7} 2. Relator filed the instant mandamus action on September 30, 2008.
 {¶ 8} 3. Respondents filed a motion for summary judgment on November 6, 2008. Respondents attached certified copies of the following relevant common pleas court records: (a) a verdict form in relator's underlying criminal case No. 08CR-04-2691 indicating that a jury found relator guilty of possession of cocaine as charged in Count I of the indictment; and (b) a copy of the trial court's sentencing entry dated October 17, 2008 indicating that relator was sentenced to an eight-year term of incarceration. The trial court noted that relator had 163 days of jail-time credit.
 {¶ 9} 4. Relator has not responded to respondents' motion for summary judgment.
 {¶ 10} 5. The matter is currently before the magistrate on the motion for summary judgment.
Conclusions of Law: {¶ 11} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. *Page 5 
 {¶ 12} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 13} As a preliminary matter, the magistrate notes that relator's mandamus action names the State of Ohio and Sheriff Jim Karnes as the respondents whom relator alleges are required by law to hold a hearing on his petition for a writ of habeas corpus. Clearly, the Sheriff is an improper party to this action and has no authority or responsibility to hold a hearing on relator's pending motion filed in the criminal action before the Franklin County Court of Common Pleas. Likewise, the State of Ohio is an improper party to this action inasmuch as relator actually seeks a writ of mandamus ordering the Franklin County Court of Common Pleas trial judge in his underlying criminal action to rule on his petition for a writ of habeas corpus. Even if this court construes relator's complaint to actually name the trial court judge, the magistrate finds that summary judgment is appropriate.
 {¶ 14} As the evidence submitted demonstrates, following a jury trial, relator was found guilty of possession of cocaine and the trial court sentenced him on October 17, 2008. As such, at this time, the trial judge no longer has jurisdiction over the underlying *Page 6 
criminal action. Furthermore, any claims relator wishes to raise, i.e., violation of his speedy trial rights; insufficiency of evidence; manifest weight of the evidence etc., must be raised by way of an appeal. Mandamus relief is inappropriate when a plain and adequate remedy exists in the ordinary course of the law. In the present case, relator has an adequate remedy at law by way of an appeal from his conviction.
 {¶ 15} Based on the foregoing, it is this magistrate's conclusion that respondents are entitled to summary judgment as a matter of law and the instant action should be dismissed. *Page 1